UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

CASE NO.: 12-CV-932-Orl-28GJK

SECURITIES AND EXCHANGE COMMISSION,

Plaintiff,

v.

GURUDEO PERSAUD,

Defendant.
_____/

## FINAL JUDGMENT AS TO DEFENDANT GURUDEO PERSAUD

The Securities and Exchange Commission having filed a Complaint and Defendant Gurudeo Persaud having entered a general appearance; consented to the Court's jurisdiction over Defendant and the subject matter of this action; consented to entry of this Final Judgment; waived findings of fact and conclusions of law; and waived any right to appeal from this Final Judgment:

I.

### SECTIONS 206(1), (2), AND (4) AND RULES 206(4)-(8)(a)(1) AND (2) OF THE INVESTMENT ADVISORS ACT OF 1940

IT IS ORDERED AND ADJUDGED that Persaud and Persaud's agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating, while acting as an investment adviser to a pooled investment vehicle, Sections 206(1), (2), and (4) and Rules 206(4)-(8)(a)(1) and (2) of the Investment Advisers Act of 1940 (the "Investment Advisers Act") [15 U.S.C. § 80b-6(1), (2) & (4)] by using the mails or any means or instrumentality of interstate commerce, directly or indirectly:

(a) to employ any device, scheme, or artifice to defraud any client or prospective client;

(b) to engage in any transaction, practice, or course of business which operates as a fraud or deceit upon any client or prospective client; or

(c) to engage in any act, practice, or course of business which is fraudulent, deceptive, or manipulative

by, directly or indirectly, (i) creating a false appearance or otherwise deceiving any client or prospective client, or (ii) disseminating false or misleading documents, materials, or information or making, either orally or in writing, any false or misleading statement in any communication with any client or prospective client, about:

(A) any investment strategy or investment in securities,

(B) the prospects for success of any product or company,

(C) the use of investor funds,

(D) compensation to any person,

(F) investor account balances, or

(G) the misappropriation of investor funds or investment proceeds.

## II.

### DISGORGEMENT WITH PREJUDGMENT INTEREST

**IT IS FURTHER ORDERED AND ADJUDGED** that Persaud is liable for disgorgement of $121,660, representing profits gained as a result of the conduct alleged in the Complaint, together with prejudgment interest thereon in the amount of $5,266.94. Persaud shall satisfy this obligation by paying $126,926.94 to the Securities and Exchange Commission within 14 days after entry of this Final Judgment.

Persaud may transmit payment electronically to the Commission, which will provide detailed ACH transfer/Fedwire instructions upon request. Payment may also be made directly from a bank account via Pay.gov through the SEC website at http://www.sec.gov/about/offices/ofm.htm. Persaud may also pay by certified check, bank cashier's check, or United States postal money order payable to the Securities and Exchange Commission, which shall be delivered or mailed to

> Enterprise Services Center
> Accounts Receivable Branch
> 6500 South MacArthur Boulevard
> Oklahoma City, OK 73169

and shall be accompanied by a letter identifying the case title, civil action number, and name of this Court; Persaud as a defendant in this action; and specifying that payment is made pursuant to this Final Judgment.

Persaud shall simultaneously transmit photocopies of evidence of payment and case identifying information to Amie Riggle Berlin, Senior Trial Counsel, Securities and Exchange Commission, 801 Brickell Avenue, Suite 1800, Miami, FL 33131. By making this payment, Persaud relinquishes all legal and equitable right, title, and interest in such funds and no part of the funds shall be returned to Persaud. The Commission shall send the funds paid pursuant to this Final Judgment to the United States Treasury.

The Commission may enforce the Court's judgment for disgorgement and prejudgment interest by moving for civil contempt (and/or through other collection procedures authorized by law) at any time after 14 days following entry of this Final Judgment. Persaud shall pay post judgment interest on any delinquent amounts pursuant to 28 U.S.C. § 1961.

III.

## CIVIL PENALTY

IT IS FURTHER ORDERED AND ADJUDGED that the Commission's claim for a civil penalty against Persaud is dismissed.

IV.

## INCORPORATION OF PERSAUD'S CONSENT

IT IS FURTHER ORDERED AND ADJUDGED that the Consent is incorporated herein with the same force and effect as if fully set forth herein, and that Persaud shall comply with all of the undertakings and agreements set forth therein.

V.

## BANKRUPTCY NONDISCHARGEABILITY

IT IS FURTHER ORDERED AND ADJUDGED that, solely for purposes of exceptions to discharge set forth in Section 523 of the Bankruptcy Code, 11 U.S.C. § 523, the allegations in the Complaint are true and admitted by Persaud, and further, any debt for disgorgement and prejudgment interest or other amounts due by Persaud under this Final Judgment or any other judgment, order, consent order, decree or settlement agreement entered in connection with this proceeding, is a debt for the violation by Persaud of the federal securities laws or any regulation or order issued under such laws, as set forth in Section 523(a)(19) of the Bankruptcy Code, 11 U.S.C. § 523(a)(19).

VI.

## RETENTION OF JURISDICTION

IT IS FURTHER ORDERED AND ADJUDGED that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

## VIII.

## RULE 54(b) OF THE FEDERAL RULES OF CIVIL PROCEDURE

There being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Clerk is ordered to enter this Final Judgment forthwith and without further notice.

Dated: April 17, 2014

JOHN ANTOON II
UNITED STATES DISTRICT JUDGE